**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PATRICK MCKEAN,** | * | |
| **JOSHUA EVANS, and** | * | |
| **WILLIAM BYRD,** | * | |
| | * | |
| **Plaintiffs,** | * | **Civil Action No.: 1:22-cv-289** |
| **v.** | * | |
| | * | **JURY DEMAND** |
| **CITY OF MOBILE,** | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT

COME NOW, Plaintiffs Patrick McKean, Joshua Evans, and William Byrd, by and through undersigned counsel, and submit this, their Complaint against the City of Mobile, Alabama:

### I. NATURE OF ACTION

Plaintiffs bring this action to redress failure to pay overtime in violation of the Fair Labor Standards Act. Specifically, Plaintiffs Patrick McKean, Joshua Evans, and William Byrd bring this action for injunctive relief, backpay, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq.*

### II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, and the FLSA.

2. Venue is proper in the Southern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1391(6) and (c).

## III. PARTIES

3. Plaintiff Patrick McKean (hereinafter, "McKean") is a male citizen of the United States and a resident of Mobile County, Alabama.

4. Plaintiff Joshua Evans (hereinafter, "Evans") is a male citizen of the United States and a resident of Mobile County, Alabama.

5. Plaintiff William Byrd (hereinafter, "Byrd") is a male citizen of the United States and a resident of Mobile County, Alabama.

6. Defendant, the City of Mobile (hereinafter "Defendant"), is an entity subject to suit under the FLSA.

## IV. FACTS

7. Plaintiffs are employed by the Defendant City of Mobile and work in the City's Police Department. Plaintiffs are employed as police officers and assigned to the Police Department's K-9 Unit as canine handlers. Plaintiffs are the only three employees assigned to the K-9 Unit.

8. Plaintiff McKean worked as a police officer for the City of Mobile from around March of 1997 until December of 2008, when he left to do work for the United States Department of Defense assigned to Iraq. He returned to the City of Mobile in July of 2009 and continues working there as of the filing of this lawsuit.

9. Specifically, McKean worked as a canine handler in the Police Department's K-9 Unit from 2003 through 2008. During this time, McKean was paid one hour each work day to maintain the animals. He was also paid one hour of overtime on each weekend day and each holiday.

10. McKean worked in the Narcotics Unit upon his return from Iraq but was quickly

returned to the K-9 Unit in September of 2009. He has remained in the K-9 Unit since then and currently serves as its lead officer.

11. While McKean was in Iraq, the K-9 Unit was moved to a different command structure. Canine handlers were no longer paid for their time maintaining the dogs. McKean immediately and repeatedly addressed his concerns with his commanders that there was no pay for maintaining the dogs.

12. From 2009 through 2014, the K-9 Unit was assigned to the Drug Task Force. In 2014, the K-9 Unit was transferred to the City's Narcotics Unit. The compensation issue remained the same. In 2016, the K-9 Unit became a stand-alone unit in the City's Special Operations Division. It went from being called a K-9 Unit to a K-9 Detail.

13. In 2014, McKean was sent to North Carolina for training on canine handling and on how to certify canine handlers. Training included how to properly train, handle, and care for the canines and how to make sure that other handlers and employees could also perform these tasks. The training officers instructed McKean on matters such as how to bathe and groom the canine, how to administer the canine's medication, how to clean the canine's kennel, and the proper amount of exercise and food for the canine.

14. McKean is now over the K-9 Unit and tasked with selecting new handlers and dogs, training and certifying them, and supervising them as they work within the community. McKean trains with the other handlers every week on bite work, drug training, explosive detection, SWAT Team, obedience, and basic instructions on how to care for the dogs and provide medical treatment to them when needed.

15. McKean's regular working hours are Monday through Friday from 8:00 a.m. to 4:00 p.m.

16. McKean receives no overtime or additional compensation for caring for the dogs on workdays. McKean does receive one hour of overtime on each weekend day and holiday for caring for the dogs.

17. Plaintiff Evans worked as a police officer for the City of Mobile from December of 2006 until 2013 and from 2014 through the present. He has worked in patrol, with the City's Ranger Unit, and in narcotics. In 2017, Evans was assigned to the Police Department's K-9 Unit.

18. Evans has received training and is regularly trained on bite work, drug training, explosive detection, SWAT Team, obedience, and basic instructions on how to care for the dogs and provide medical treatment to them when needed.

19. Evans' regular working hours are Monday through Thursday from 6:00 a.m. to 4:00 p.m.

20. Evans receives no overtime or additional compensation for caring for the dogs on workdays. Evans does receive one hour of overtime on each weekend day and holiday for caring for the dogs.

21. Plaintiff Byrd has worked as a police officer for the City of Mobile since August of 2004. He has worked in patrol, crime detail, narcotics, and in the Defendant's General Investigation Division. In or around 2013, Byrd was assigned to the Police Department's K-9 Unit.

22. Byrd has received training and is regularly trained on bite work, drug training, explosive detection, SWAT Team, obedience, and basic instructions on how to care for the dogs and provide medical treatment to them when needed.

23. Byrd's regular working hours are Sunday through Wednesday from 3:00 p.m. to

1:00 a.m.

24. Byrd receives no overtime or additional compensation for caring for the dogs on workdays. Byrd does receive one hour of overtime on each weekend day and holiday for caring for the dogs.

25. As canine handlers, Plaintiffs routinely come in early two to three days each week to execute search warrants as part of the SWAT Team, Narcotics Team, or with the United States Marshalls Fugitive Task Force.

26. Plaintiffs are also on call 24 hours a day, seven days a week and have to have the dogs assigned to them ready to work on a moment's notice. For this reason, the dogs live at each of the Plaintiffs' residences, and the Plaintiffs are responsible for their care and maintenance at all times.

27. Defendant requires that all dogs assigned to the Plaintiffs stay in a secure kennel at the Plaintiffs' personal residences, and that Plaintiffs be responsible for the dogs at all times. Defendant provides Plaintiffs with the dog runs and dog house attachments built at Plaintiffs' private residences for the dogs' maintenance and care. At any given time, Plaintiffs will have from one to three dogs assigned to their care each day. The dogs go home with the Plaintiffs and they house and care for the dogs at their personal residences.

28. On workdays, Plaintiffs begin their days earlier than others because they have to feed and water the dogs and make sure that they are fit and ready to work that day. This is time for which Plaintiffs are not paid, though they are performing work-related duties.

29. After work on workdays, Plaintiffs take the dogs home with them where they again feed and water them and make sure they are fit from the day's work. Again, this is time for which Plaintiffs are not paid though they are performing work-related duties.

30. Each day, Plaintiffs spend approximately sixty (60) minutes caring for the dogs in their care while they are off duty. Plaintiffs spend approximately fifteen (15) minutes exercising the dogs, approximately fifteen (15) minutes feeding the dogs and cleaning their food and water bowls, and approximately thirty (30) minutes spraying down and cleaning the dogs' kennels and play areas. On days that Plaintiffs have more than one dog, this time could be over ninety (90) minutes each day.

31. On days Plaintiffs are off duty, they are paid an hour of overtime for the time they spend taking care of the dogs. On days Plaintiffs work, they are paid nothing for their off-duty time caring for the dogs.

32. All of the off-duty time Plaintiffs spend caring for the dogs is necessarily and primarily for the benefit of Defendant. Plaintiffs are required to have the dogs prepared and ready to go to work at any moment 24 hours a day, seven days a week.

33. The off-duty time spent caring for the dogs is an integral and indispensable part of Plaintiffs' principal activities.

34. There is no agreement between Plaintiffs and Defendant as to the amount of compensable time Plaintiffs would receive for caring for the dogs while off duty.

35. Defendant did not limit or specify the amount of time Plaintiffs were to spend caring for the dogs while off duty, but Defendant expects Plaintiffs to appropriately care for the dogs every day and to have them fit and ready for duty. Defendant does require Plaintiffs to receive and provide training on caring for and maintaining the dogs for service, including while the dogs are at the Plaintiffs' homes.

36. Defendant is aware that Plaintiffs are performing work (i.e. caring for the dogs) while off-duty, yet Defendant willfully refuses to pay Plaintiffs for this compensable time.

37. Plaintiffs frequently complained to their commanding officers that they were not being compensated for their time caring for the dogs on duty days. Specifically, on behalf of the entire K-9 Unit, McKean complained to Captain William "Harvey" Reed, Captain Melvin Jones, and Captain James Cunningham. See Exhibits A-E. Additionally, Captain Reed notified then-Police Chief Lawrence Battiste as early as June of 2018 with the Plaintiffs' concerns. See Exhibit F. Defendant has been aware for over five years that Plaintiffs are not being paid for time that they are spent doing their job duties and yet has repeatedly and continuously refused to pay them for that time.

38. Defendant's refusal to pay Plaintiffs for the time spent caring for the dogs while off duty is willful.

39. Defendant willfully violated the FLSA by failing to pay Plaintiffs an overtime rate of pay for work they performed in excess of forty (40) hours a week spent caring for the Defendant's service animals.

## V. CAUSE OF ACTION
## COUNT I: FAIR LABOR STANDARDS ACT

40. Plaintiffs re-aver and incorporate paragraphs 1-39 above as if fully set forth herein.

41. During, and for more than, the past three years, Defendant has willfully violated the FLSA by failing to keep accurate records showing all the time it permitted or required Plaintiffs to work, which resulted in the denial of compensation, either at a regular rate or an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.

42. During, and for more than, the past three years, Defendant has willfully violated

the FLSA by permitting or requiring Plaintiffs to perform work in excess of forty (40) hours a week without paying them the proper overtime compensation for this time.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

(a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiffs as secured by the FLSA;

(b) Award damages from the City of Mobile for Plaintiffs, including compensation for unrecorded overtime work plus interest, post-judgment interest, and liquidated and exemplary damages, in an amount to be proven at trial;

(c) Award all costs of litigation, including expert fees and attorneys' fees and costs; and

(d) Award such other legal and equitable relief as the Court deems proper.

**Plaintiffs Demand a Trial by Struck Jury.**

**Done this 21st day of July, 2022.**

/s/ Thomas M. Loper
Thomas M. Loper (LOPET8947)
ASB No.: 8947-O57L

LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com

*Counsel for Plaintiffs*

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

City of Mobile c/o Lisa C. Lambert, City Clerk
9th Floor Government Plaza; South Tower
P.O. Box 1827
Mobile, AL 36633-1827
cityclerk@cityofmobile.org



# Mobile Police Department

## Special Operations Section

### Canine Detail

**To:** **Captain William Reed**

**From:** ____________________
**Sergeant Patrick McKean**

**Date:** **January 18, 2017**

**Ref:** **Canine Handler off Duty and High Risk Compensation**

---

Captain Reed,

I'm requesting that canine handlers be considered to receive additional compensation for at home canine care and for the high risk situations that canine handlers are often faced with. As of this time, canine handlers receive one hour of overtime on their days off and for holidays for at home canine care. During a regular work week canine handlers are not compensated for any canine care prior to their shift or after their shift. I think it's fair for canine handlers to be compensated for their time that is spent caring for their assigned canines before and after their regular work shifts. Furthermore canine handlers are often faced with high risk situations such as tracking suspected felony suspects in densely and sometimes dark wooded areas. Canine handlers that work with explosive detection canines are at risk when called to search for suspected explosive devices. Members of the EOD Unit and SWAT Team receive additional compensation for their assignments due to the potential of high risk situations they are required to respond to. Canine handlers often respond with both units and should also be compensated.

I think it would be reasonable to compensate our canine handlers with a five percent incentive for the at home canine care and an additional five percent incentive for the inherited high risk of being a canine handler. With the five percent incentive for the at home canine care, canine handlers would no longer receive overtime for weekends and holidays. Another possibility could be a 2.5 percent incentive for the at home canine care; and handlers continue with the weekend and holiday overtime.



Hey Captain, I've been reviewing several other departments' policies on K-9 handler off duty compensation. There are several different ways to do it. I guess it just depends on what everybody agrees on and what is fair. Some departments give 30 minutes overtime for everyday of the week, some give an hour for everyday of the week and others just let the officers off duty either thirty minutes or an hour early. I don't agree with the thirty minutes, if thirty minutes is given each day that means that handlers get paid for fifteen minutes in the morning and fifteen minutes in the evening. Throughout a typical day, Officers spend way more than fifteen minutes caring for their dog before and after work. I think that an hour of overtime everyday would cover the off duty compensation for our handlers. Or we could explore a 7.5 or 10 percent incentive for being a K-9 handler. Furthermore I think another incentive should be added for the Explosive K-9 handlers or handlers responding with the SWAT team. I'm sure either incentive mention above would cover the off duty time and EOD or the SWAT issue. What are your thoughts on this and do you think the one hour everyday would be feasible?

DOCUMENT MICROSOFT
WRITTEN
11-7-17

PLAINTIFF'S EXHIBIT
NO. B



# Mobile Police Department
## Special Operations Section
### Canine Detail

**To:** **Captain William Reed**

**From:** ________________________
**Sergeant Patrick McKean**

**Date:** **March 4, 2020**

**Ref:** **Canine Handler at home care and High Risk Compensation**

---

Captain Reed,

I'm requesting for canine handlers to be considered to receive additional compensation for at home canine care and for the high risk situations canine handlers are often faced with. Currently, canine handlers receive one hour of overtime on their days off and for holidays for at home canine care. During a regular work week canine handlers are not compensated for any canine care prior to their shift or after their shift. I think it's fair for canine handlers to be compensated for their time that is spent caring for their assigned canines before and after their regular work shifts. There are several different options that could be implemented for compensation for at home care for canines. I have reached out to other departments in our region to compare how different canine units are compensated for at home care and the inherited risk of being a canine handler. I've attached the different methods of compensation from the other departments to this request. Furthermore in the past there have been agencies throughout the country that instead of compensating their handlers for at home care, canines would be housed in kennel runs at a department facility. This is terrible for the overall life of working canines and it is recommended by canine trainers across the country that working canines be kept at home with their handlers. The canines have a better quality of life when kept with the handlers which enhances the bond between the canine and handler which results in a better K9 team on the street.

Furthermore canine handlers are often faced with high risk situations such as tracking suspected felony suspects in densely and sometimes dark wooded swampy areas. Canine handlers that work with explosive detection canines are at risk when called to search for suspected explosive devices. Members of the EOD Unit and SWAT Team receive additional compensation for their assignments due to the potential of high risk situations they are required to respond to. Canine handlers often respond with both units and should also be compensated.

I think it would be reasonable to compensate our canine handlers with a five percent incentive for the at home canine care and an additional five percent incentive for the inherited high risk of being a canine handler. With the five percent incentive for the at home canine care, canine handlers would no longer receive overtime for weekends and holidays.

PLAINTIFF'S EXHIBIT
NO. C



# Mobile Police Department

## Special Operations Section

### Canine Detail

**Saraland Police Dept.** Canine personnel are paid 7 hours of overtime for every work week.

**Dothan Police Dept.** Canine personnel are paid 4 hours of overtime for very work week.

**Mobile County Sheriff's Dept.** Canine personnel receive a 5% pay raise when transferred to the canine unit and receive 1 hour of overtime for off days and holidays.

**Birmingham Police Dept.** Canine personnel receive 8 hours of overtime for every work week and an additional 2 hours of overtime per work week when the canine handler is on call. The EOD canine personnel receive a 5% raise for hazard pay when transferred to the canine unit in addition to the built in overtime.



# Mobile Police Department

## Special Operations Section

### Canine Detail

**To:** Captain Melvin Jones

**From:** ______________________
Sergeant Patrick McKean

**Date:** September 10, 2021

**Ref:** Canine Handler Compensation

Captain Jones,

I'm requesting for canine handlers to be considered for additional compensation for at home canine care and for hazard pay.

In reference to hazard pay, canine handlers are often faced with high risk situations such as tracking suspected felony suspects into densely dark wooded areas and making entries with the SWAT team. Canine handlers who are tasked with tracking and SWAT operations receive specialized training with their assigned canines and are on call indefinitely the same as SWAT and EOD personnel.

Canine handlers, who work with explosive detection canines, also receive specialized training and have a high potential to be at risk when called to search for suspected explosive devices. Members of the EOD Unit and SWAT Team, receive additional compensation for their assignments due to the high risk situations they are required to respond to. Canine handlers always respond with both units and should be compensated the same.

In reference to the "At Home Care" currently, canine handlers receive one hour of overtime on their off days and for holidays. During a regular work week canine handlers are not compensated for any canine care prior to their shift or after their shift. I think it's fair for canine handlers to be compensated for their time that is spent caring for their assigned canines before and after their regular work shifts. There are several different options that could be implemented for compensation for at home care for canines. I have reached out to other departments in our region to compare how different canine units are compensated. I've attached the different methods of compensation from the other departments to this request. Some agencies allow canine handlers to adjust hours and either come in late or allow them to go home early and I don't think this is solution due to the way our unit operates. I have also seen other agencies around the country, that house their canines at a department facility in place of the canine living with the handler. This is terrible for the overall life of working canines and it is recommended by canine trainers across the country that working canines be kept at home with their handlers. The canines have a better quality of life when kept with the handler which enhances the bond between the canine and handler that result in a better K9 team on the street.

PLAINTIFF'S EXHIBIT
NO. D



# Mobile Police Department

## Special Operations Section

### Canine Detail

I think it would be reasonable to compensate our canine handlers with a five percent incentive which would be for the at home canine care during an officer's work week and continue with the one hour of overtime for off days and holidays.

**Saraland Police Dept.** Canine personnel are paid 7 hours of overtime for every work week.

**Dothan Police Dept.** Canine personnel are paid 4 hours of overtime for very work week.

**Mobile County Sheriff's Dept.** Canine personnel receive a 5% pay raise when transferred to the canine unit and receive 1 hour of overtime for off days and holidays.

**Birmingham Police Dept.** Canine personnel receive 8 hours of overtime for every work week and an additional 2 hours of overtime per work week when the canine handler is on call. The EOD canine personnel receive a 5% raise for hazard pay when transferred to the canine unit in addition to the built in overtime.



# Mobile Police Department
## Special Operations Section
### Canine Detail

**To:** **Captain James Cunningham**

**From:** **Sergeant Patrick McKean**

**Date:** **March 28, 2022**

**Ref:** **Canine Handler Compensation**

Captain Cunningham,

I'm requesting for canine handlers to be considered for additional compensation for at home canine care and for hazard pay.

In reference to the "At Home Care" currently, canine handlers receive one hour of overtime on their off days and for holidays. During a normal work week, canine handlers, are not compensated for canine care prior to their shift or after their shift. On average, canine handlers will spend at least 30 minutes before and after **every** shift feeding, grooming, and walking their assigned canine and more time is spent on off days and holidays. I think it's fair for canine handlers to be compensated for their time that is spent caring for their assigned canines off duty.

There are several different options that could be implemented for compensation for at home care for canines. I have reached out to other departments in our region to compare how different canine units are compensated. I've attached three different methods of compensation from the other departments to this request. Some other agencies allow canine handlers to adjust hours and either come in late or allow them to go home early; I don't think this is an option due to the way our unit operates.

I have also heard of other agencies around the country, that house their canines at a department facility in place of the canine living with the handler to save on costs. This is terrible for the overall life of working canines, and it is recommended by canine trainers across the country that working canines be kept at home with their handlers. The canines have a better quality of life when kept with the handler which enhances the bond between the canine and handler.

I think it would be reasonable to compensate our canine handlers with a half hour of overtime for each workday and for off days. This would be 3.5 hours weekly and 14 hours a month. This would be an additional two hours of overtime per month to the handlers who work 10 hour shifts and would compensate for canine care on their workdays. When canine handlers take vacation and board their canines or leave them with other handlers, they would not receive the half hour of over time.

In reference to hazard pay, canine handlers are often faced with high-risk situations such as tracking suspected felony suspects into densely dark wooded areas and making entries with the SWAT team.

PLAINTIFF'S EXHIBIT
NO. E



# Mobile Police Department

## Special Operations Section

### Canine Detail

Canine handlers who are tasked with tracking and SWAT operations receive specialized training with their assigned canines and are on call indefinitely the same as SWAT personnel. Currently K9 handlers respond to every SWAT callout, where the K9s are used for most entries. Canine handlers are also on every high-risk search warrant the SWAT team executes. I'm requesting for canine handlers to receive an additional 10 percent for hazard pay due to the inherit risk of their position.

Canine handlers, who work with explosive detection canines, also receive specialized training, and have a high potential to be at risk when called to search for suspected explosive devices. Members of the EOD Unit receive additional compensation for their assignments and I'm requesting for explosive detection canine handlers to be compensated the same.

**Examples from other departments:**

**Saraland Police Dept.** Canine personnel are paid 7 hours of overtime for every work week.

**Mobile County Sheriff's Dept.** Canine personnel receive a 5% pay raise when transferred to the canine unit and receive 1 hour of overtime for off days and holidays. Canine handlers who respond and work with the County SWAT team receive an additional 5% for that assignment.

**Birmingham Police Dept.** Canine personnel receive 8 hours of overtime for every work week and an additional 2 hours of overtime per work week when the canine handler is on call.

To: Lawrence L. Battiste (Through Channels)
Chief of Police

From: ______________________
Captain William H. Reed
Commander, Special Operations

Date: June 27, 2018

Re: Hazardous Duty Incentive Request
Canine Officers

I concur in part with Sergeant McKean's request for Hazardous Duty Incentive (HDI) for officers assigned to the Canine Detail duty. It is my recommendation that if approved, HDI should be provided only for officers assigned to all certified Canine Handlers currently assigned to the Homeland Security Unit. This incentive would alleviate the need to pay the Handlers with overtime for Canine care. As well these officers are utilized in the apprehension of Felony suspects that have fled from crime scenes that are on occasions armed and attempting to avoid capture. In addition these Handlers are utilized on Tactical call outs and EOD sweeps. Both of the aforementioned units receive a HDI at this time due to the nature of the assignment and the impending hazard potentials.

The Canine Detail currently has four officers assigned to Canine patrol duty with the potential to have additional officers at a later time with manpower permitting. Due to the hazardous nature of the assignment, it is my recommendation that the officers meeting the above criteria receive a 10 percent hazardous duty incentive pay adjustment. The adjustment would only apply to officers assigned to certified Canine Handlers and would be withdrawn when the officer is transferred or in any way removed from this position.

The attached chart illustrates the officers that would qualify for this increase and the additional expenditure incurred by the Department for each officer. The figures are based on current pay rates for each officer and do not represent the total additional expenditure encumbered due to overtime assignments.



| Employee Number | L Name | F Name | Current Hourly Rate | Current 80 Hours Net Pay | Hourly Rate With 10% | 80 Hours With 10% | Total Increase |
|---|---|---|---|---|---|---|---|
| 7654 | McKean | Donnel | 24.96 | 1,996.80 | 27.46 | 2,196.48 | 199.68 |
| 12629 | Byrd | William | 19.98 | 1,598.40 | 21.97 | 1,758.24 | 159.84 |
| 15950 | Battiste | Lawrence | 17.66 | 1,412.80 | 19.36 | 1,548.80 | 136.00 |
| 13576 | Evans | Joshua | 18.10 | 1,448.00 | 19.91 | 1,592.80 | 144.80 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| 15074 | Wright | Skylar | 19.65 | 1689.90 | 21.62 | 1859.32 | 169.42 |
| Total payroll increase per pay day | | | | | | | 1824.49 |
| Total yearly increase payroll increase | | | | | | | **$47,436.74** |