IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK MCKEAN, *et al.*, ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION: 1:22-00289-KD-N |
| CITY OF MOBILE, ) | |
|     **Defendant.** ) | |

## ORDER

This matter is before the Court on the parties' Joint Motion to Approve FLSA Settlement Agreement (Doc. 36); the parties' proposed Settlement Agreement and Release (Doc. 36-1); and supporting documents (Docs. 36-2, 37).

**I.  Background**

On July 21, 2022, Plaintiffs Patrick McKean, Joshua Evans, and William Byrd initiated this action against the Defendant City of Mobile (the City) pursuant to the *Fair Labor Standards Act* (FLSA), 29 U.S.C. § 201 *et seq.*, alleging that the City failed to pay them overtime for three (3) years while they were employed as police officers in the City's Police Department K-9 unit (canine handlers). (Doc. 1). Specifically, Plaintiffs allege that during -- and for more than -- a period of three (3) years, the City willfully violated the FLSA by:

> ... failing to keep accurate records showing all the time it permitted or required Plaintiffs to work, which resulted in the denial of compensation, either at a regular rate or an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.
>
> ... by permitting or requiring Plaintiffs to perform work in excess of forty (40) hours a week without paying them the proper overtime compensation for this time.

(Doc. 1 at 7-8). Plaintiffs allege that they were required to spend time caring for the dogs in the K-9 unit to keep them prepared and ready to work at any moment but were not paid accordingly:

> [o]n days Plaintiffs are off duty, they are paid an hour of overtime for the time they spend taking care of the dogs. On days Plaintiffs work, they are paid nothing for their off-duty time caring for the dogs.
>
> ***
>
> The off-duty time spent caring for the dogs is an integral and indispensable part of Plaintiffs' principal activities.
>
> There is no agreement between Plaintiffs and Defendant as to the amount of compensable time Plaintiffs would receive for caring for the dogs while off duty.
>
> Defendant did not limit or specify the amount of time Plaintiffs were to spend caring for the dogs while off duty, but Defendant expects Plaintiffs to appropriately care for the dogs every day and to have them fit and ready for duty. Defendant does require Plaintiffs to receive and provide training on caring for and maintaining the dogs for service, including while the dogs are at the Plaintiffs' homes.
>
> Defendant is aware that Plaintiffs are performing work (i.e. caring for the dogs) while off-duty, yet Defendant willfully refuses to pay Plaintiffs for this compensable time. Plaintiffs frequently complained to their commanding officers that they were not being compensated for their time caring for the dogs on duty days. Specifically, on behalf of the entire K-9 Unit, McKean complained to Captain William "Harvey" Reed, Captain Melvin Jones, and Captain James Cunningham ... Additionally, Captain Reed notified then- Police Chief Lawrence Battiste as early as June of 2018 with the Plaintiffs' concerns ... Defendant has been aware for over five years that Plaintiffs are not being paid for time that they are spent doing their job duties and yet has repeatedly and continuously refused to pay them for that time.
>
> Defendant's refusal to pay Plaintiffs for the time spent caring for the dogs while off duty is willful.
>
> Defendant willfully violated the FLSA by failing to pay Plaintiffs an overtime rate of pay for work they performed in excess of forty (40) hours a week spent caring for the Defendant's service animals.

(Doc. 1 at 6-7).

As relief, Plaintiffs request that this Court issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiffs as secured by the FLSA; award damages from the City for Plaintiffs, including compensation for unrecorded overtime work plus interest, post-judgment interest, and liquidated and exemplary damages, in an amount to be proven at trial; award all costs of litigation,

including expert fees and attorneys' fees and costs; and award such other legal and equitable relief as the Court deems proper. (Doc. 1 at 8).

**II.     Governing Law**

In Lynn's Food Stores, Inc. v. United States ex rel. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit recognized two (2) methods for settlement of claims brought pursuant to the FLSA: supervision by the Secretary of Labor; or court approval in a private action where a plaintiff is represented by counsel. As to the latter, which applies here, the parties may compromise and settle the FLSA claims but only with Court approval of the settlement agreement.

Specifically, courts must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA claims. Lynn's Food Stores, 679 F.2d at 1352-1355; Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1238-1239 (M.D. Fla. 2010). Evaluating the fairness of an FLSA compromise includes an assessment of: 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel. Dees, 706 F.Supp.2d at 1241. Additionally, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009). "When a settlement agreement includes….attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Id. Moreover, 29 U.S.C. § 216(b) provides that "...[a]ny employer who violates…shall be liable to the employee….affected in the

amount of….their unpaid overtime compensation….and in an additional equal amount as liquidated damages...The court…shall, in addition to any judgment awarded to the plaintiff…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Thus, "in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." Vergara v. Delicias Bakery & Restaurant, Inc., 2012 WL 2191299, *1 (M.D. Fla. May 31, 2012).

### III.    **Bona Fide Dispute and Fair and Reasonable Resolution**

Courts may approve a compromise resolving a bona fide dispute over FLSA provisions where a plaintiff's compromise of his claims (the settlement agreement) is a fair and reasonable resolution of that dispute. Lynn's Food, 679 F.2d at 1352-1355; Dees, 706 F.Supp.2d at 1238-1239. "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." Dees, 706 F.Supp.2d at 1241.

### A.    **Bona Fide Dispute**

Section 216(b) of the FLSA provides that "... [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages ..." 29 U.S.C. § 216(b). Section 207 is captioned "Maximum Hours" and paragraph (a)(1) states as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Plaintiffs initiated this lawsuit against Defendant seeking to recover monetary damages, liquidated and exemplary damages, interest, litigation costs, and reasonable attorneys' fees pursuant to the FLSA. (Doc. 1 at 1, 8). Specifically, Plaintiffs allege that during the time they worked for Defendant, they were not properly compensated with an overtime premium for hours worked over 40 each week, in violation of their FLSA rights. Plaintiffs claim that they regularly worked hours that went uncompensated while working for Defendant; particularly, Plaintiffs allege that they would maintain, while off duty, the Police Department's K-9 Unit in their role as a police officer canine handler. Plaintiffs allege, therefore, that the compensation they have received throughout their employment is inadequate overtime pay. Defendant denies these claims and argues that Plaintiffs were at all times compensated properly.

Based on a review of the docket, the present Motion (Doc. 36) and proposed Settlement Agreement and Release (Doc. 36-1), the Court finds that a bona fide dispute exists as to whether Plaintiffs were paid overtime for all hours worked over 40 as required by 29 U.S.C. §207 (a).

B.     **Fair and Reasonable Resolution**

Lynn's Food requires this Court to determine whether Plaintiffs' compromise of their claims is fair and reasonable. Lynn's Food, 679 F.2d at 1352-1355; Dees, 706 F.Supp.2d at 1238-1239. A general framework for evaluating the fairness of an FLSA compromise includes: 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel. Dees, 706 F.Supp.2d at 1241. The parties agree that the terms of settlement are fair and reasonable. (Doc. 18 at 2). Per Lynn Food's however, the Court must still assess same.

1. **Compromise of the FLSA Claims**

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages[.]" 29 U.S.C. § 216(b).

The parties agree that both sides compromised their positions. (Doc. 36 at 11). According to the parties, each plaintiff's settlement amount provides for full compensation of unpaid overtime that each plaintiff claimed, and an additional equal amount of liquidated damages. (Doc. 36 at 8). Specifically, the parties assert that "Defendant corrected the overtime rates forming the basis of Plaintiffs' initial valuation of their claims, and the parties agreed to the Revised Settlement" as set out in the Settlement Agreement. (Doc. 36 at 4). This calculation gives each plaintiff proper overtime compensation required by law and doubles it to include liquidated damages. (Doc. 36 at 5-6). Further, the parties assert that the "Settlement Agreement is a fair and reasonable compromise" of the dispute. (Doc. 36 at 11).

2. **Scope and Terms of the Proposed Settlement Agreement**

Upon review, the revised proposed settlement agreement (Doc. 36-1) no longer contains disfavored provisions that the Court previously found encumbered approval of the parties' proposed FLSA settlement agreement (Doc. 35 at 6-9). Upon consideration, the Court **APPROVES** the parties' revised proposed settlement agreement (Doc. 36-1) *as further amended given the undersigned's findings regarding attorneys' fees and costs below*.

IV.   **Attorneys' Fees & Costs**

The parties' proposed settlement provides that Plaintiffs shall receive $222,892.06, of which counsel will be paid $32,500 in attorneys' fees. (Docs. 36 at 6; 36-1 at 3). In support, counsel

has submitted invoices for the time spent working on this matter on behalf of the Plaintiffs. (Doc. 37). Additionally, per the parties: "The ... agreed-upon fees will provide Plaintiffs complete recovery on their wages with no diminution or offset from the agreed-upon fees[]" and "[i]n this settlement resolution, there is no diminution of Plaintiffs' recovery attributable to the agreed-upon attorneys' fees." (Doc. 36 at 8-9).

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In that regard, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009). See also Czopek v. Tbc Retail Group., Inc., 2016 WL 7116112, *5 (M.D. Fla. Nov. 7, 2016), Report and Recommendation *adopted by* 2016 WL 7104187 (M.D. Fla. Dec. 6, 2016) (same). Courts thus consider whether the fees were negotiated separately and apart from a plaintiff's settlement of the FLSA claims. Wing v. Plann B Corp., 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) Report and Recommendation *adopted by* 2012 WL 4746190 (M.D. Fla. Oct. 4, 2012) (where there is a reasonable basis for compromise and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees…there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

Additionally, "[i]n scrutinizing the reasonableness of an FLSA attorney's fee award, courts have utilized the time-honored lodestar method." Longcrier v. HL-A Co., Inc., 2009 WL 971297 *1, (S.D. Ala. Apr. 8, 2009); see also Padurjan v. Aventura Limousine & Transp. Service, Inc., 441

7

Fed. Appx. 684, 686, (11th Cir. 2011) ("To calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. These amounts are multiplied together to determine the so-called 'lodestar'" which may then be adjusted "as necessary in the particular case.") (citations omitted). "Adjustments to that fee then may be made as necessary in the particular case." Blum v. Stenson, 465 U.S. 886, 888 (1984). As summarized in Nail v. Shipp, 2020 WL 1670459 (S.D. Ala. Apr. 3, 2020):

> Regardless of who is doing the billing, courts may only award fees for time spent by attorneys, or for the work of non-lawyer paralegals *but only to the extent they perform work "traditionally done by an attorney*[ ]" -- i.e., no fees for overhead (secretarial/administrative tasks). See, e.g., Missouri v. Jenkins, 491 U.S. 274, 288 at note 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them[ ]"); Vanderbilt Mortg. and Fin., Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015) ("excessive, redundant, or otherwise unnecessary" fees are not recoverable); SE Prop. Holdings, LLC v. 145, LLC, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012) (allowing recovery of traditional attorney-work but not clerical work). See also Brown v. Lambert's Cafe III, 2016 WL 325131, *6, n. 4 (S.D. Ala. Jan. 27, 2016) (clerical tasks are not recoverable). "Courts in this district generally consider tasks such as mailing and telefaxing correspondence, making routine calls to clients, obtaining pleadings from the court's database and printing documents as secretarial functions." Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013). See also Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," "preparing the civil cover sheet and summons," "receiving and indexing certified mail receipts," and "e-filing documents with the Court and receiving and indexing those documents" was not compensable time for the purposes of the fee petition); Johnson v. TMI Mgmt.Sys., Inc., 2012 WL 4435304, *5 (S.D. Ala. Sept. 26, 2012) (finding "telephone call to client re: scheduling appointment," "receipt and download of order," and "review of the Court's Order ..." non-compensable). As detailed in Ford v. Navika Capital Grp., LLC, 2017 WL 1381668, *3-4 (S.D. Ala. Apr. 17, 2017) (internal citations omitted):
>
>> Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc ... [FN4] ...

>> [FN4].... (clerical tasks such as "Review Summons Issued," "Call to Clerk to confirm Summons were sent to Marshall for service," "Download/Combine and OCR Transcript, live bookmark," and "Download, file and save Corrected transcript in parts," are not compensable as attorney fees); .... (downloading, scanning or saving files or docket entries are not recoverable); ..... (an attorney in an FLSA case should not be permitted to recover fees for clerical time for e-filing, on line research of addresses, preparing civil cover sheets and summonses and for reviewing the CM/ECF email for documents prepared and filed by counsel).
>
> ... The billing records include numerous entries for such tasks (.... "receive settlement agreement and W9 form signed from client: scan to file and save," .... "re-scan settlement agreements into S drive for clients", ... "further preparation of documents for client correspondence", ... "conference with counsel regarding strategy on service affidavits," ... "compilation of correspondence and pleadings regarding all parties in lawsuit," ... "analysis of scheduling order/docket .." .... "save supplemental report regarding settlement to S drive," "Operation of Spreadsheet ...", etc. .... The non-recoverability for clerical tasks may also be applicable to those entries labeled "Assistance with...." ....

1. **Reasonable Rate**

As the party requesting fees, Plaintiff bears the burden of supplying specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman v. Housins Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed[ ]' "). Additionally, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th

Cir. 1994). Moreover, this Court's prior awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this district for attorneys of reasonably comparable skill, experience, and reputation to the attorney seeking an award of fees. Langford v. Hale Cty. Ala. Comm'n, 2016 WL 4976859, *3 (S.D. Ala. Sept. 16, 2016).

Plaintiff seeks to recover $32,500 in attorneys' fees, asserting $325/hour to be a reasonable hourly rate for an attorney with 18 years of experience. (Doc. 36-2). In FLSA cases, this Court has found $325/hour to be a reasonable hourly rate for attorneys with similar experience. See, e.g., Nail v. Shipp, No. CV 17-00195-KD-B, 2020 WL 1670459, at *3 (S.D. Ala. Apr. 3, 2020) (the undersigned awarding $350/hour for an attorney with 25 years of experience and $325/hour for attorneys with 12 and 14 years of experience in FLSA collective action); Brown v. Lambert's Cafe III, No. CV 15-0029-CG-C, 2016 WL 325131, at *2 (S.D. Ala. Jan. 27, 2016) (awarding $325/hour for an attorney with 34 years experience); see also Goldsby v. Renosol Seating, LLC, No. 2:08-0148-KD-N, 2013 WL 6535253, at *9 (S.D. Ala. Dec. 13, 2013) (stating in an FLSA collective action case that "this Court's customary hourly rates for attorneys ... ranges from $250.00 to $300.00 for more experienced and qualified attorneys"). Upon consideration, the Court finds that the reasonable rate for Loper, with 18 years of experience, for this case, is **$325/hour**.

2. **Reasonable Hours**

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428 (emphasis added). The Court will not permit a party to recover fees for hours "that would be unreasonable to bill to a client and therefore to one's

adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted). While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 573-574 (1986), "[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded.... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. at 573. As expressed by this Court in Wolff v. Royal Am. Mgmt., Inc., 2012 WL 5303665, *5 (S.D. Ala. Oct. 25, 2012), aff'd, 545 Fed. Appx. 791 (11th Cir. 2013):

> [I]n light of the gross disparity between what plaintiff claimed and what her attorneys now seek for obtaining the recovery, there is significant potential for the fee award to become a windfall for plaintiff's counsel. FLSA suits are not meant to become a cottage industry divorced from the benefits they provide, and the fees should not shade over from fair play into a punitive measure against defendants who challenge a plaintiff's overtime claim in good faith. The court considers these factors in determining the reduction to be applied to the fees requested in this action.

Additionally, a court "has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained." Martinez v. Hernando County Sheriff's Off., 579 Fed. Appx. 710, 715 (11th Cir. 2014). See also, e.g., Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1168 (S.D. Fla. 2003) (denying fees as counsel "seem[ed] to have leveraged a small sum as a stepping-stone to a disproportionately large award" by seeking $16,000 for a $315.89 FLSA claim). Cf. P&K Rest. Enter., LLC v. Jackson, 758 Fed. Appx. 844, 850-851 (11th Cir. 2019) (a jury awarded a plaintiff $6,308 and the district court awarded $188,894.20 in fees, which was affirmed).

Moreover, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Hensley, 461 U.S. at 433-434. See also e.g., Norman, 836 F.2d at 1299, 1303 ("[t]he court ... is itself an expert on the question and may consider its own knowledge and experience

concerning reasonableness and proper fees and may form an independent judgment[ ]") (citations omitted); Barnes, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary[ ]"); Jean v. Nelson, 863 F.2d 759, 772-777 (11th Cir. 1988) (discussing the reasonableness of the hours expended in light of the contention that the fee requests were not supported by sufficient documentation and involved duplication of efforts).

Plaintiffs request an award of 100 hours for the work reasonably and necessarily performed to work on this case. Specifically, Plaintiffs seeks 23.8 hours for Byrd, 24 hours for Evans, and 31.3 hours for McKean. (Doc. 37). This totals 79.1 hours. In support of this inconsistency, Plaintiffs asserts:

> As part of the settlement agreement that required approval of the City of Mobile City Council and Mayor prior to completion of all work in this litigation, I estimated that I would incur a total of one hundred (100) billable hours on this matter at a rate of $325.00 per hour, for a total of $32,500…

(Doc. 36-2 at 4).

Upon consideration, the Court finds that only documented hours are reimbursable. Thus, **Loper is awarded 79.1 hours**.

**B.     Lodestar**

For decades the law in this circuit has been that '[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Norman, 836 F.2d at 1303. Accordingly, "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the [appellate] court may make the award on its own experience." Id. The lodestar figure established may be

12

adjusted by consideration of these factors:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988).

Based on the foregoing, **the lodestar is calculated as follows: $325/hour x 79.1 hours = $25,707.50.**

**C.    Costs**

The FLSA provides for an award of costs of the action to a prevailing plaintiff under 29 U.S.C. § 216(b). Additionally Federal Rule of Civil Procedure 54(d)(1) states that except as otherwise provided, "costs – other than attorney's fees – shall be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). However, the costs allowed are those set forth in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons Inc., 482 U.S. 437, 440–444 (1987). And in an FLSA action, courts are limited to taxing the costs in 28 U.S.C. § 1920. Padurjan v. Aventure Limousine & Transp. Serv., Inc., 441 Fed. Appx. 684, 687 (11th Cir. 2011) ("In [Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-445 (1987),] the Supreme Court held that the costs taxable in favor of a prevailing party are limited to those authorized in 28 U.S.C. § 1920.... We then applied this holding specifically to ... the FLSA -- in Glenn v. Gen. Motors Corp., 841 F.2d 1567 (11th Cir. 1988)[.]").[1] See also Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir.

---

[1] Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920.").

2002) (limiting FLSA costs to those in Section 1920). "The Court has previously recognized this limitation on the recovery of costs under the FLSA, Clark, 2013 WL 3930095, *9, as have many sister courts within the Eleventh Circuit[ ]." Smith v. Werner Enters., Inc., 2015 WL 7185503, *10 (S.D. Ala. Nov. 13, 2015).

> Section 1920 enumerates the following as taxable costs:
>
>> (1) Fees of the clerk and marshal;
>> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>> (3) Fees and disbursements for printing and witnesses;
>> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>> (5) Docket fees under section 1923 of this title;
>> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The party seeking costs must submit a request that enables the court to determine entitlement to same. Zainulabeddin v. Univ. of South Fla. Bd. of Trustees, 749 Fed. Appx. 776, 787 (11th Cir. 2018) (citing Loranger, 10 F.3d at 784). Cf. Boyer v. Flagship Auto. Ctr., LLC, 2013 WL 2467778, *7 (M.D. Fla. Jun. 7, 2013) ("Plaintiff failed to attach any documents ... The only cost the Court can verify without additional documentation is the filing fee.... the Court will.... not tax any of the other listed costs[ ]"). See also generally Ford v. Navika Capital Grp., LLC, 2017 WL 1381668 (S.D. Ala. Apr. 17, 2017); Bumpers v. Austal U.S.A., L.L.C., 2015 WL 6870122 (S.D. Ala. Nov. 6, 2015).

Plaintiffs seek $402 in costs for the filing fee. As set forth in Section 1920(1), "[f]ees of the clerk" may be taxed as costs. While counsel has failed to submit documentation in support of these costs, the Court is aware of its filing fees. See, e.g., Nail v. Shipp, No. CV 17-00195-KD-B,

2020 WL 1670459, at *11 (S.D. Ala. Apr. 3, 2020) (same). As such, Plaintiffs' costs are **GRANTED** in the amount of $402 for court filing fees.

## V.     Conclusion

Accordingly, it is **ORDERED** that the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 36) is **APPROVED**. The parties request for attorneys' fees and costs is **GRANTED as follows**: Plaintiffs' counsel is awarded **$25,707.50 in fees** and **$402 in costs** for a **total of $26,109.50.**

**DONE** and **ORDERED** this the **4th** day of **August 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**